### Peter R. Westfall v. Charles C. Heisen and J. A. Albert.

1. OBLIGATIONS—*When Construed to be Penal Bonds.*—If in the course of a chancery litigation the chancellor enters an order requiring a bond to be given, such bond will not be an independent undertaking and, if not in form a penal bond, will be considered so in a suit for its enforcement.

2. EQUITY PRACTICE—*Power of the Chancellor to Control Proceedings.*—The power always rests with the chancellor to control the proceedings in a case pending before him, and to control the parties thereto in all matters directly connected with and forming a part of such proceeding.

**Appeal**, from an interlocutory order granting an injunction. Entered by the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1898. Affirmed. Opinion filed October 21, 1898.

GAGE & DEMING and S. A. FRENCH, attorneys for appellant.

PENCE & CARPENTER, attorneys for appellees.

MR. JUSTICE HORTON delivered the opinion of the court.

This case is now before this court by appeal from an interlocutory order granting an injunction. In 1895 appel-

lant commenced this proceeding, under the burnt record act, to establish title to a part of lot 188 in division 1 of Westfall's subdivision of 208 acres in section 30, township 38 north, range 15 east of the third principal meridian. Appellant procured an injunction restraining appellees from constructing certain buildings, etc., on said land.   June 6, 1895, upon motion of appellee Albert, an order was entered dissolving said injunction "upon the condition that said Albert give bond, * * * in the penal sum of $5,000," that he would remove buildings, etc., by May 1, 1896. Appellees executed a bond, dated June 7, 1895, as contemplated by said last named order.   Said bond is upon its face absolute for the payment of said sum of $5,000.   It does not purport to be a penal bond.   "About May 1, 1896," suit at law was commenced on said bond by appellant, claiming $5,000 as liquidated damages.

April 27, 1898, appellees filed a verified petition praying for an order restraining the prosecution of said suit at law until the final determination of this suit.   No answer thereto was filed by appellant, and the statements of fact in said petition are in no way challenged.

This cause coming on to be heard upon said petition, the court found that all the material allegations therein contained are true, and ordered that appellant be restrained from obtaining execution upon any judgment that may be rendered in said suit at law, and that execution upon any judgment therein be stayed until further order.   It is from this order that this appeal is prosecuted.

This suit was not yet fully at issue when the order last named was entered.   The title to said lot of land is contested therein.   Appellee Heisen claims title in fee simple, and by his answer and cross-bill has asserted the same. Appellee Albert was in possession as tenant of said Heisen.

It does not appear that there had been any order or adjudication as to the title to said lot.   Both the appellant and appellee Heisen claim a fee simple title thereto.   If the appellant has no title to or interest in said lot, and if the appellee Heisen is the owner and entitled to the possession thereof, why should appellant recover $5,000 upon said

bond? The mere statement of the facts shows the injustice of appellant's claim.

One of the points presented by appellant should, perhaps, be here examined. It is stated in his brief thus: "The subject-matter of the injunction was one over which the court at law where the suit sought to be enjoined was pending had ample jurisdiction, and with which jurisdiction, power and discretion, the chancellor had no right to interfere." However sound this may be as a proposition of law, in a case where it is applicable, it does not apply to this case. The bond sued upon was given under an order entered in this suit. It was not an independent undertaking by appellees. The power always rests with the chancellor to control the proceedings in a case pending before him, and to control the parties thereto in all matters directly connected with and forming a part of such proceeding. That power still reposed in the chancellor as to the bond in question. It was a penal bond which the chancellor required the appellee Albert to give as a condition precedent to the dissolution of the injunction then in force. If the issue presented by the answer and cross-bill of appellee Heisen be finally determined in his favor, then the injunction would be made perpetual. It would be a travesty upon the administration of justice, should the chancellor, under the facts here presented, allow appellant to recover upon said bond the sum of $5,000 under the strict rules of common law, and then, upon a final hearing of this case, decree that appellant had no title to or interest in the property.

The restraining order of the Circuit Court appealed from is affirmed.